IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT POTTER and DOROTHY
LEUTTINGER, Individually and
on Behalf of All Others Similarly
Situated,

Plaintiffs,

v.

JANUS INVESTMENT FUND, a
business trust; JANUS CAPITAL
MANAGEMENT, LLC; SCUDDER
INTERNATIONAL FUND, INC.;
DEUTSCHE INVESTMENT
MANAGEMENT AMERICAS, INC.,

Defendants.                                                                  No. 03-CV-0692-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

**I. INTRODUCTION**

Before the Court is the motion to remand for lack of subject matter jurisdiction submitted by Plaintiffs (Doc. 26).  On September 16, 2003, Plaintiffs filed this suit in the Circuit Court of Madison County, Illinois (Doc. 2).  On October 3, 2003, Defendants removed the suit to federal court asserting federal subject matter jurisdiction under **28 U.S.C. § 1332** and under **28 U.S.C. § 1331** based on the purported federal questions concerning the Securities Exchange Act of 1934 (SLUSA), **15 U.S.C. § 78bb** and the Investment Company Act of 1940 (ICA), **15 U.S.C. § 80a-44**.  For the following reasons, the Court **GRANTS** Plaintiffs' motion

1

to remand and **REMANDS** this case to the Circuit Court of Madison County, Illinois, based on lack of subject matter jurisdiction (Doc. 26).

## II. BACKGROUND

Plaintiffs are long-term investors in one of the two mutual funds named as defendants in this case. Both funds – Janus Investments Fund and Scudder International Fund (collectively, "the Funds") – are mutual funds which primarily purchase securities that are traded in securities markets outside the United States (Complaint ¶ 16). Such funds are intended for long-term investment, and the defendants have urged investors to invest in the Funds for the long term (*Id.* at ¶ 12). The defendants have marketed the advantages of such long-term ownership of funds (*Id.*). Janus Investment Fund is managed by the Delaware Corporation Janus Capital Management, LLC, and Scudder International Fund is managed by Maryland Corporation Deutsche Investment Management Americas, Inc. Plaintiffs have brought claims against Defendants alleging that Defendants' allowance of short-term buying and selling by some investors wrongfully led to the dilution of Plaintiffs' rights and equity in the Defendants' stocks.

## II. Analysis

Defendants may remove this case to this court only if the federal district courts would have original jurisdiction over the action. **See 28 U.S.C. § 1441;** ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**. "[T]he burden of

establishing federal jurisdiction falls on the party seeking removal." ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

The general rule is that a plaintiff is the master of his own complaint and can avoid federal question jurisdiction by pleading exclusively state law claims. ***See Caterpillar*, 482 U.S. at 392; *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 103 (1983); *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000)**. If the plaintiff's claim arises under state law, the mere assertion of federal preemption as a defensive argument – sometimes called "conflict preemption" – will not confer federal question jurisdiction. ***Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 63-64 (1987); *Franchise Tax Bd. of Cal.*, 463 U.S. at 9-12**. "Complete preemption," on the other hand, is the doctrine which recognizes that federal law may sometimes so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. ***Metropolitan Life*, 481 U.S. at 63-64**.

First, Defendants maintain that the allegations in Plaintiffs' complaint satisfy SLUSA's "in connection with" requirement.

The Court rejects this argument. SLUSA allows removal to federal court of certain class actions based on state law. **15 U.S.C. § 78bb(f)**. ***Accord Professional Mgt Associates, Inc. Employees' Profit Sharing Plan v. KPMG, LLP*, 335 F.3d 800, 802 (8th Cir. 2003)**. SLUSA was enacted to prevent plaintiffs from seeking to evade the protections that federal law provides against abusive

litigation by filing suit in state court. **Newby v. Enron Corp., 338 F.3d 467, 471 (5th Cir. 2003)**. The primary way SLUSA accomplishes this objective is by preempting certain securities fraud class actions brought under state law. **Id.** The Eighth Circuit Court of Appeals stated:

> With some exceptions, SLUSA made the federal courts the exclusive fora for most class actions involving the purchase and sale of securities. Primarily, SLUSA mandates that any class action based on an allegation that a "covered security" was sold [or purchased] through misrepresentation, manipulation, or deception shall be removable to federal court.

**Green v. Ameritrade, Inc., 279 F.3d 590, 595-596 (8th Cir. 2002)**.

However, not all securities claims are preempted by SLUSA. A party claiming SLUSA preemption must demonstrate that the claim satisfies the following:

> (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and the defendant is alleged to have engaged in conduct described by criterion (3) "in connection with" the purchase or sale of a "covered security."

**Id. at 595 (citing 15 U.S.C. §§ 78bb(f)(1)-(2)**.

Based on the following, the Court finds that Defendants have not met the fourth requirement for SLUSA preemption. Plaintiffs' claims are not claims "in connection with the purchase or sale of a covered security." There is no claim asserted by a purchaser or seller; the claims are brought by those who held shares. If a claim is not cognizable under Section 10(b)(5) of the Securities and Exchange Act

4

of 1934 because not "in connection the purchase or sale of a covered security," it similarly is not a claim "in connection with the purchase or sale of a covered security" for SLUSA purposes.

Recently, the Honorable Michael J. Reagan addressed this exact issue in ***Bradfisch v. Templeton Funds, Inc., et al.*, 03-CV-0760-MJR (January 23, 2004)** and found that SLUSA does *not* preempt state law claims of breach of fiduciary duty.[1]  Judge Reagan held:

> "Bradfisch claims dilution of his ownership interests and voting rights. Bradfisch's complaint alleges dilution claims that only a holder of securities can bring. Such claims are not actionable under the Securities and Exchange Act of 1934. State law, not the 1934 Act, provides the remedy sought by Bradfisch and the class of holders he seeks to represent. Bradfisch's claims cannot be removed under SLUSA."

***Bradfisch*, 2003-CV-0760 (Doc. 18, p. 6)**. This Court agrees with Judge Reagan's reasoning and finds that SLUSA does not permit removal of Plaintiffs' claims.

Second, Defendants maintain that removal was proper because a substantial federal question is presented on the face of Plaintiffs' complaint, namely the Investment Company Act of 1940, **15 U.S.C. § § 80a-1, *et seq.* ("ICA")**.

The Court rejects this argument. Again, the Court agrees with Judge Reagan's ruling in ***Bradfisch*** on this issue. ***Bradfisch*, 2003-CV-0760 (Doc. 18, p. 7)**. As in ***Bradfisch***, the Plaintiffs have not asserted claims under the ICA and

---

[1] The Bradfisch allegations and the allegations of this case are almost identical.

5

Defendants have not identified any provision of the ICA which would render their state law claims removable to this Court.

Third, Defendants argue that Plaintiffs' claims are removable based on diversity jurisdiction because their claims are worth more than $75,000. Defendants argue that Plaintiffs' claims are derivative and that consequently their claims are worth the amount the Funds lost – an amount much greater than $75,000.

Again, the Court agrees with Judge Reagan's ruling in **Bradfisch** on this issue. **Bradfisch, 2003-CV-0760 (Doc. 18, p. 4-5)**. The Court determines that no diversity jurisdiction exists since this is not a derivative action and Plaintiffs' claims individually are not worth more than $75,000. The state of incorporation governs whether a shareholder's action is derivative or based on his individual right. ***See, e.g., Kennedy v. Venrock Assoc.*, 384 F.3d 584, 589 (7th Cir. 2003)**. In this case, Maryland law applies as to Defendants Deutsche Investment Management Americas and Scudder International Fund, Inc., and Delaware law applies as to Defendants Janus Investment Fund and Janus Capital Management, LLC (Doc. 1). Under both Maryland and Delaware corporate law, a plaintiff sues individually as opposed to derivatively when his claim is based on a direct or separate injury to the shareholder. ***See, e.g., Strougo v. Bassini*, 282 F.3d 162, 171 (2d Cir. 2002)(finding a non-derivative action under Maryland law when "[t]he corporation cannot bring the action seeking compensation for [the] injuries because there were suffered by its shareholders, not itself"); *Kramer v. Western***

6

*Pac. Indus., Inc.*, **546 A.2d 348, 351  (Del. 1988)(stating "[t]o have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation")**.  In this case, Plaintiffs have based their claims strictly upon the direct and individual harm of stock equity dilution, a claim not actionable by the corporation itself.  As such, the corporations losses are not attributable to each Plaintiffs' amount in controversy.  In addition, Plaintiffs' complaint disclaims recovery of individual damages in excess of $75,000.  Therefore, no diversity jurisdiction exists since Plaintiffs' claims do not amount to more than $75,000.

### III.  Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 26).  Because the Court lacks subject matter jurisdiction, the Court **REMANDS** this action to the Madison County, Illinois Circuit Court.  Further, the Court **DENIES as moot** all other pending motions (Docs. 15, 28, 54, 56).

**IT IS SO ORDERED.**

Signed this 9th day of February, 2004.

/s/  David  R  Herndon
**DAVID R. HERNDON**
**United States District Judge**