# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE:     November 14, 2006

TO:       Norbert G. Jaworski
          United States District Court
          Southern District of Illinois
          Room 142
          750 Missouri Avenue
          P.O. Box 186
          East St. Louis, IL   62202


FROM:     Clerk of the Court

RE:       04-1495, et al (see attachment)
          Kircher, Carl v. Putnam Funds Trust, et al (see attachment)
          03 C 691, David R. Herndon, Judge, et al (see attachment)

          Herewith is the mandate of this court in this appeal, along
          with the Bill of Costs, if any.  A certified copy of the
          opinion/order of the court and judgment, if any, and any
          direction as to costs shall constitute the mandate.

          [X] No record filed
          [ ] Original record on appeal consisting of:
ENCLOSED:                                             TO BE RETURNED AT LATER DATE:
          [ ]     Volumes of pleadings                      [ ]
          [ ]     Volumes of loose pleadings                [ ]
          [ ]     Volumes of transcripts                    [ ]
          [ ]     Volumes of exhibits                       [ ]
          [ ]     Volumes of depositions                    [ ]
          [ ]     In Camera material                        [ ]
          [ ]     Other_____

                  Record being retained for use             [ ]
                  in Appeal No. _____

          Copies of this notice sent to:      Counsel of record
          [ ]     United States Marshal
          [ ]     United States Probation Office
**NOTE TO COUNSEL:**
          If any physical and large documentary exhibits have been filed in
          the above-entitled cause, they are to be withdrawn ten days from the
          date of this notice.  Exhibits not withdrawn during this period will
          be disposed of.

          Please acknowledge receipt of these documents on the enclosed copy
          of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
          Received above mandate and record, if any, from the Clerk, U.S.
          Court of Appeals for the Seventh Circuit.
Date: _____NOV 17 2006_____     _____
(1071-120397)                                 Deputy Clerk, U.S. District Court

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| CARL KIRCHER and ROBERT BROCKWAY, individually and on behalf of all others similarly situated,<br>    Plaintiffs-Appellees, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>] |
| No. 04-1495                           v. | ] No. 03 C 691<br>] |
| PUTNAM FUNDS TRUST and PUTNAM INVESTMENT MANAGEMENT, LLC,<br>    Defendants-Appellants. | ] David R. Herndon,<br>]     Judge.<br>] |
| STEVE DUDLEY and BETH DUDLEY, individually and on behalf of all others similarly situated,<br>    Plaintiffs-Appellees, | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>] |
| Nos. 04-1496 and 04-1608    v. | ] Nos. 03 C 852<br>]        03 C 853 |
| PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC,<br>    Defendants-Appellants. | ]<br>] G. Patrick Murphy,<br>]     Chief Judge.<br>] |
| T. K. PARTHASARATHY, individually and on behalf of all others similarly situated, et al.,<br>    Plaintiffs-Appellees, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>] |
| No. 04-1628                           v. | ] No. 03 C 673<br>] |
| ARTISAN FUNDS, INC., a corporation, and ARTISAN PARTNERS LIMITED PARTNERSHIP,<br>    Defendants-Appellants. | ] David R. Herndon,<br>]     Judge.<br>]<br>] |
| DOROTHY LUETTINGER and ROBERT POTTER, individually and on behalf of all other similarly situated,<br>    Plaintiffs-Appellees, | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>] |
| Nos. 04-1650 and 04-1651    v. | ] No. 03 C 692<br>] |
| SCUDDER INTERNATIONAL FUND, INC., a corporation, and DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC.,<br>    Defendants-Appellants. | ] David R. Herndon,<br>]     Judge.<br>]<br>]<br>] |

```
GARY VOGELER, individually and         ] Appeals from the United
on behalf of all others similarly      ] States District Court for
situated,                              ] the Southern District of
        Plaintiff-Appellee,            ] Illinois.
                                       ]
Nos. 04-1660 and 04-1661    v.         ] No. 03 C 843
                                       ]
COLUMBIA WANGER ASSET MANAGEMENT       ] David R. Herndon,
L.P. and COLUMBIA ACORN TRUST,         ]     Judge.
        Defendants-Appellants.         ]
---------------------------------------]
AVERY JACKSON, individually and        ] Appeal from the United
on behalf of all others similarly      ] States District Court for
situated,                              ] the Southern District of
        Plaintiff-Appellee,            ] Illinois.
                                       ]
No. 04-2162                 v.         ] No. 04 C 56
                                       ]
VAN KAMPEN SERIES FUND, INC. and       ] David R. Herndon,
VAN KAMPEN INVESTMENT ADVISORY         ]     Judge.
CORPORATION,                           ]
        Defendants-Appellants.         ]
---------------------------------------]
TERRY SPURGEON, as Custodian for       ] Appeal from the United
the Benefit of James E. Spurgeon,      ] States District Court for
individually and on behalf of all      ] the Southern District of
others similarly situated,             ] Illinois.
        Plaintiff-Appellee,            ]
                                       ] No. 04 C 355
No. 04-2687                 v.         ]
                                       ] Michael J. Reagan,
PACIFIC LIFE INSURANCE COMPANY,        ]     Judge.
        Defendant-Appellant.           ]
```

| | |
|---|---|
| ROBERT POTTER, EDNA GRENCH and DOROTHY LUETTINGER, individually and on behalf of all others similarly situated,<br>    Plaintiffs-Appellants;<br><br>No. 05-2895    v.<br><br>JANUS INVESTMENT FUND, JANUS CAPITAL MANAGEMENT LLC, SCUDDER INTERNATIONAL FUND, INC., et al.,<br>    Defendants-Appellees. | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 03 C 692<br><br>David R. Herndon,<br>    Judge. |
| STEVE DUDLEY and BETH DUDLEY, individually and on behalf of all others similarly situated,<br>    Plaintiffs-Appellants,<br><br>Nos. 05-2896 and 05-2911    v.<br><br>PUTNAM INTERNATIONAL EQUITY FUND and PUTNAM INVESTMENT MANAGEMENT, LLC,<br>    Defendants-Appellees. | Appeals from the United States District Court for the Southern District of Illinois.<br><br>Nos. 03 C 852<br>       03 C 853<br><br>G. Patrick Murphy,<br>    Chief Judge. |
| GARY VOGELER,<br>    Plaintiff-Appellant,<br><br>No. 05-2912    v.<br><br>COLUMBIA WANGER ASSET MANAGEMENT L.P. and COLUMBIA ACORN TRUST,<br>    Defendants-Appellees. | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 03 C 843<br><br>David R. Herndon,<br>    Judge. |
| AVERY JACKSON,<br>    Plaintiff-Appellant,<br><br>No. 05-2981    v.<br><br>VAN KAMPEN SERIES FUND, INC. and VAN KAMPEN INVESTMENT ADVISORY CORPORATION,<br>    Defendants-Appellees. | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 04 C 56<br><br>David R. Herndon,<br>    Judge. |

```
TERRY SPURGEON, as Custodian for      ] Appeal from the United
the Benefit of James E. Spurgeon,     ] States District Court for
individually and on behalf of all     ] the Southern District of
others similarly situated,            ] Illinois.
        Plaintiff-Appellant,          ]
                                      ] No. 04 C 355
No. 05-3011                    v.     ]
                                      ] Michael J. Reagan,
PACIFIC LIFE INSURANCE COMPANY,       ]      Judge.
        Defendant-Appellee.           ]
--------------------------------------]
CARL KIRCHER and ROBERT BROCKWAY,     ] Appeal from the United
individually and on behalf of all     ] States District Court for
others similarly situated,            ] the Southern District of
        Plaintiffs-Appellants,        ] Illinois.
                                      ]
No. 05-3389                    v.     ] No. 03 C 691
                                      ]
PUTNAM FUNDS TRUST, a Business        ] David R. Herndon,
Trust, PUTNAM INVESTMENT              ]      Judge.
MANAGEMENT, LLC, EVERGREEN            ]
INTERNATIONAL TRUST, a Business       ]
Trust, et al.,                        ]
        Defendants-Appellees.         ]
--------------------------------------]
DONALD BRADFISCH, individually and    ] Appeal from the United
on behalf of all others similarly     ] States District Court for
situated,                             ] the Southern District of
        Plaintiff-Appellant,          ] Illinois.
                                      ]
No. 05-3390                    v.     ] No. 05 C 298
                                      ]
TEMPLETON FUNDS, INC, and TEMPLETON   ] Michael J. Reagan,
GLOBAL ADVISORS LIMITED,              ]      Judge.
        Defendants-Appellees.         ]
--------------------------------------]
T. K. PARTHASARATHY, EDMUND           ] Appeals from the United
WOODBURY, STUART A. SMITH, et al.,    ] States District Court for
        Plaintiffs-Appellants,        ] the Southern District of
                                      ] Illinois.
Nos. 05-3548 and 05-3585       v.     ]
                                      ] Nos. 03 C 673
T ROWE PRICE INTERNATIONAL FUNDS      ]      05 C 302
INC., a corporation, T ROWE PRICE     ]
INTERNATIONAL INC., ARTISAN FUNDS,    ] David R. Herndon,
INC., a corporation, et al.,          ]      Judge.
        Defendants-Appellees.         ]
--------------------------------------]
```

| | |
|---|---|
| VINCE KWIATKOWSKI, EDMUND WOODBURY and JOSEPH PARISE, JR.,<br>      Plaintiffs-Appellants,<br><br>Nos. 05-3558, 05-3559 and<br>      05-3586                    v.<br><br>TEMPLETON GROWTH FUND INC. and TEMPLETON GLOBAL ADVISORS LIMITED,<br>      Defendants-Appellees. | ] Appeals from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>]<br>] Nos. 05 C 299<br>]      05 C 300<br>]      05 C 301<br>]<br>] G. Patrick Murphy,<br>]      Chief Judge. |

CERTIFIED COPY

# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 04-1495, 04-1496, 04-1608, 04-1628, 04-1650, 04-1651, 04-1660, 04-1661, 04-2162, 04-2687, 05-2895, 05-2896, 05-2911, 05-2912, 05-2981, 05-3011, 05-3389, 05-3390, 05-3548, 05-3558, 05-3559, 05-3585 & 05-3586

IN THE MATTER OF:

MUTUAL FUND MARKET-TIMING LITIGATION

Appeals from the United States District Court
for the Southern District of Illinois.

SUBMITTED JULY 25, 2006—DECIDED OCTOBER 16, 2006

Before EASTERBROOK, RIPPLE, and WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Our opinion in *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), explains the nature of these suits against mutual funds. Plaintiffs maintain that the funds are liable because they were vulnerable to arbitrageurs who exploited the fact that, when the mutual funds' shares were priced (at 4 P.M. New York time every business day), the funds valued securities of foreign issuers at their closing prices in the issuers' home markets rather than the latest trading price in any liquid market. If prices move after the issuers' home-market close, but before 4 P.M. in New York, the difference creates arbitrage opportunities at the

expense of investors who follow a buy-and-hold strategy. Plaintiffs contend that the funds should have made arbitrage unprofitable by changing the rules for valuing the securities in the funds' portfolios or imposing fees on short-swing trades.

*Kircher II* held that claims of this kind arise under federal securities law because disclosure of the funds' practices and vulnerabilities would preclude recovery, and that, because plaintiffs have not taken advantage of the exception for derivative litigation, the state-law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA) even though at least some of the investors held their shares throughout the class periods. Although the Supreme Court has agreed with that substantive approach, see *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503 (2006), it has also concluded that we lacked appellate jurisdiction and vacated our judgment accordingly. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (*Kircher III*). (*Kircher I*, in which we had asserted appellate jurisdiction, appears at 373 F.3d 847 (7th Cir. 2004). That makes the current opinion *Kircher IV*, though we have used a generic caption to reflect the presence of many related appeals.)

Ten of the appeals listed in the caption (Nos. 04-1495, 04-1496, 04-1608, 04-1628, 04-1650, 04-1651, 04-1660, 04-1661, 04-2162 & 04-2687) are before us on remand from *Kircher III*. Their disposition is straightforward: all ten appeals are dismissed for lack of jurisdiction. This means that the suits will return to Illinois courts under orders that the district court entered in 2004. They stayed in federal court only as a result of our now-vacated decisions in *Kircher I* and *Kircher II*. Appellants in two of these appeals (*Voegler v. Columbia Wanger Asset Management, L.P.*, Nos. 04-1660 & 04-1661) have asked us to keep the proceedings on our docket pending a settlement. Because

we lack appellate jurisdiction, however, we must dismiss the appeals outright. There is neither authority to retain them longer nor any point in doing so. Whether the settlement is completed or not, the only act we can take is to dismiss the appeals; we could not approve a settlement or do anything in response to it. Any settlement that the parties reach can be implemented and the litigation brought to a close in state court.

The remaining 13 appeals listed in the caption were not before the Supreme Court in *Kircher III*. Instead proceedings in this court were stayed after the petition for certiorari was granted. This set of appeals comprises two groups. The first we call the *Potter* group after the lead case *Potter v. Janus Investment Fund*, No. 05-2895. (The other ten appeals in this group are Nos. 05-2896, 05-2911, 05-2912, 05-2981, 05-3011, 05-3389, 05-3390, 05-3558, 05-3559 & 05-3586.) The second is *Parthasarathy v. T. Rowe Price International Funds, Inc.*, Nos. 05-3548 & 05-3585. What distinguishes the *Potter* and *Parthasarathy* appeals from the *Kircher* appeals is that these 13 appeals have been filed by plaintiffs from final orders of the district court dismissing the suits on the merits, so the holding in *Kircher III* that we lack jurisdiction to consider appeals filed by defendants from remand orders is not controlling.

The 11 appeals in the *Potter* group arise from the same suits that were before this court and the Supreme Court. After we held in *Kircher II* that SLUSA preempts the plaintiffs' claims, they not only sought certiorari but also proposed to amend their complaints in the district court to eliminate any theory that depends on fraud or nondisclosure. Our mandates had issued, so plaintiffs were entitled to do this. The district court deemed the proposed amendments unavailing, however, and dismissed the suits on the authority of *Kircher II*. Plaintiffs then ap-

pealed. Meanwhile the Supreme Court had granted certiorari—though limited to the jurisdictional question; the petition was denied to the extent it sought review of the merits. 126 S. Ct. 979 (2006). Thus the cases were before two appellate tribunals simultaneously. Seemingly we had to decide whether the amended complaints avoided preemption under SLUSA at the same time as the Supreme Court passed on appellate jurisdiction at an earlier stage of the litigation. To avoid getting the cart before the horse, we stayed proceedings pending the Supreme Court's decision.

Defendants maintain that, because the *Potter* appeals have been filed by plaintiffs from indisputably final decisions and hence are within our jurisdiction, we should proceed to decide them on the merits. In response to the plaintiffs' observation that the Supreme Court's decision requires us to rewind the litigation to the date in 2004 when *Kircher I* erroneously asserted appellate jurisdiction—a step that would return each case to state court—defendants maintain that, by attempting to amend their complaints after the district court received our mandates, plaintiffs have "effectively" commenced new federal suits, which the district court was obliged to decide without regard to any influence of the jurisdictional decision in *Kircher III*.

Defendants' position is inventive but unpersuasive. The *Potter* appeals are just steps *in* the *Kircher* litigation. Each plaintiff filed only one suit, in state court. Proceedings held in federal court after removal do not create new suits. Amendments that delete some legal theories, while leaving the parties' identities untouched, relate back to the original complaint and hence do not commence new litigation. See *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748 (7th Cir. 2005). Each of these cases therefore must

Nos. 04-1495 *et al.* 5

return to the state court in which it was filed, just as *Kircher III* concluded.

According to the mutual funds, this would be a pointless step, because they can remove the cases again, the district court will exercise jurisdiction (for *Dabit* shows that removal is proper) and resolve the cases on the merits yet again, and we will see a new set of appeals in short order. Defendants invite us to short-circuit this process and resolve the issues now. Yet if defendants follow the strategy they have outlined, plaintiffs will reply that federal law allows only one removal. The mutual funds will argue that a second removal is authorized either by 28 U.S.C. §1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA. Plaintiffs tell us that they will respond that *Dabit* is not such an "order" (because in their view "order" means "order in a case to which the removing litigant was a party") and that SLUSA does not allow removal after the period specified by §1446(b). There will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken.

If the 11 *Potter* appeals handled were not complex enough, the *Parthasarathy* appeals are tied in additional knots. Parthasarathy and three other plaintiffs (seeking to represent a class) filed suit in state court against six defendants: T. Rowe Price International Funds, Inc., and T. Rowe Price International, Inc. (the Price defendants); AIM International Funds, Inc., and AIM Advisers, Inc. (the AIM defendants); and Artisan Funds, Inc., and Artisan Partners Limited Partnership (the Artisan defendants). Defendants removed this suit in 2003, and it was docketed in the district court as No. 03-673 before being remanded. Although the Artisan defendants appealed from the remand, the Price and AIM defendants did not. The

Artisan defendants' appeal was consolidated with the *Kircher* cases in this court; meanwhile the litigation proceeded in state court against the Price and AIM defendants. After *Kircher II*, the Price and AIM defendants filed a second notice of removal, which was assigned a new docket number (No. 05-302) even though the same suit was still on the district court's docket as No. 03-673. When the district court received our mandate after *Kircher II*, it ruled on the merits in favor of all six defendants in No. 03-673 and dismissed No. 05-302 on the ground that the disposition in No. 03-673 was preclusive against plaintiffs. Plaintiffs filed two notices of appeal, one from each docket number under which the district court carried the litigation.

The first of these appeals (No. 05-3548), from the originally removed suit, is part of the *Kircher* family and must receive the same treatment as the 11 *Potter* appeals. The Price and AIM defendants ask us to affirm on the merits in the second appeal (No. 05-3585, from the docket spawned by the second removal in 2005) because it was not before the Supreme Court in *Kircher III*, and the fact that the appeal is from a final decision avoids all questions about appellate jurisdiction. That is the path we took in a group of four appeals in cases that had been removed after *Kircher II*, dismissed by the district court on the merits, and were affirmed by unpublished order relying on *Dabit*. See *Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), rehearing denied (with additional explanation) (June 15, 2006).

But *Parthasarathy* was removed in 2003 *and remanded as outside federal jurisdiction* in 2004. The Artisan defendants appealed; the Price and AIM defendants did not. That left in force the district court's decision against the non-appealing defendants. When they removed again in

Nos. 04-1495 *et al.*                                                 7

2005, the district court should have remanded without regard to the conclusion of *Kircher II*—for the Price and AIM defendants are bound by the district court's adverse decision, notwithstanding the fact that both this court (in *Kircher II*) and the Supreme Court (in *Dabit*) have held that the district judge's 2004 decision was mistaken. Litigants who do not appeal from an adverse decision are stuck with it, even if some other party to the same case appeals and wins. See *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981); *Morley Construction Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191 (1937).

Plaintiffs might have been able to say much the same thing in the *Bradfisch* suits, for the defendants in those four cases also had removed in 2003 and failed to appeal from the remand orders. What led us to resolve *Bradfisch* on the merits is that no such argument had been raised (nor did plaintiffs adequately address the propriety of a second removal under SLUSA, as our order denying rehearing in *Bradfisch* observed). The preclusive effect of a judgment, such as the 2003 remand, is an affirmative defense. Plaintiffs in *Bradfisch* failed to mount that defense; plaintiffs in *Parthasarathy* have done so and are entitled to its benefits. Although preclusion does not block a successive removal if facts or law change after the initial remand, see *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453 (7th Cir. 2005), the "change" worked by *Kircher II* is not one that the Price and AIM defendants may invoke (and that change has evaporated anyway).

*Dabit* supplies an intervening change of law and may or may not justify a successive removal; we reserved that question above. But a pre-*Dabit* successive removal cannot be justified by that later development, and certainly not by the Price and AIM defendants. Cases are removed, or not, as units; either all defendants agree to removal or none does. *Hanrick v. Hanrick*, 153 U.S. 192

8                                                   Nos. 04-1495 *et al.*

(1894); *Torrence v. Shedd*, 144 U.S. 527 (1892). After removal, the case either stays in federal court or returns to state court as a unit (subject to the district court's option under 28 U.S.C. §1441(c) to remand "a separate and independent [nonremovable] claim"). What happened to *Parthasarathy*, however, is that a single case was broken into two by defendants' strategic choices. The district court should not have allowed that to happen. Because the Price and AIM defendants re-removed, however, the case came back together as No. 03-673 on the district court's docket. As a result of *Kircher III*, that entire case must be remanded—and No. 05-302 should be dismissed as an unauthorized attempt to engineer a partial removal of a single case. That ground is independent of any preclusive effect of the original remand order.

On remand from the Supreme Court, the ten *Kircher* appeals are dismissed for want of appellate jurisdiction. The other 13 appeals are within our appellate jurisdiction, and we vacate the district court's judgments. All of these cases (except the one discussed immediately above) must be remanded to state court.

A true Copy:

    Teste:

                    *[signature]*
                    Clerk of the United States Court of
                    Appeals for the Seventh Circuit

USCA-02-C-0072—10-16-06

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**CORRECTED JUDGMENT**
**WITH ORAL ARGUMENT**

CERTIFIED COPY

**AMENDED DATE:** October 23, 2006
     DATE: October 16, 2006

**BEFORE:**          Honorable FRANK H. EASTERBROOK, Circuit Judge

                     Honorable KENNETH F. RIPPLE, Circuit Judge

                     Honorable DIANE P. WOOD, Circuit Judge

Nos. 04-1495, 04-1496, 04-1608, 04-1628, 04-1650, 04-1651, 04-1660, 04-1661,
     04-2162, 04-2687, 05-2895, 05-2896, 05-2911, 05-2912, 05-2981, 05-3011,
     05-3389, 05-3548, and 05-3585

IN THE MATTER OF:

MUTUAL FUND MARKET-TIMING LITIGATION

Appeals from the United States District Court for the
Southern District of Illinois
Nos. 03 C 673, 03 C 691, 03 C 692, 03 C 843, 04 C 56, and 05 C 302
David R. Herndon, Judge

Nos. 03 C 852 and 03 C 853, G. Patrick Murphy, Chief Judge.

No. 04 C 355, Michael J. Reagan, Judge.

ON REMAND FROM THE UNITED STATES SUPREME COURT

   On Remand from the Supreme Court, the ten Kircher appeals are
DISMISSED for want of appellate jurisdiction.  The other nine appeals
within our appellate jurisdiction, and we VACATE the district court's
judgments.  All of these cases (except the one discussed immediately
above) must be REMANDED to state court.  The above is in accordance with
the decision of this court entered on October 16, 2006 and amended
October 23, 2006. No costs are awarded.

(1182-110894)

CERTIFIED COPY
A True Copy:
   Teste:

   Clerk of the United States
   Court of Appeals for the

**CERTIFIED COPY**

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

October 23, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Nos.** 04-1495, 04-1496, 04-1608, 04-1628,
04-1650, 04-1651, 04-1660, 04-1661, 04-2162,
04-2687, 05-2895, 05-2896, 05-2911, 05-2912,
05-2981, 05-3011, 05-3389, 05-3390, 05-3548,
05-3558, 05-3559, 05-3585 & 05-3586

IN THE MATTER OF:

MUTUAL FUND MARKET-TIMING LITIGATION

Appeals from the United States
District Court for the
Southern District of Illinois.

CERTIFIED COPY
A True Copy:
Teste:
Clerk of the United States
Court of Appeals for the

**Order**

The slip opinion of this court issued on October 16, 2006, is amended as follows:

Page 1, caption, delete the following case numbers: 05-3390, 05-3558, 05-3559 and 05-3586.

Page 3, first full paragragh, line 1, change "The remaining 13 appeals" to "The remaining 9 appeals".

Page 3, first full paragraph, line 7, change "(The other ten appeals in this group are Nos. 05-2896, 05-2911, 05-2912, 05-2981, 05-3011, 05-3389, 05-3390, 05-3558, 05-3559 & 05-3586.)" to "(The other appeals in this group are Nos. 05-2896, 05-2911, 05-2912, 05-2981, 05-3011 & 05-3389.)"

Nos. 04-1495 *et al.*                                                                 Page 2

Page 3, first full paragraph, line 12, change "appeals from the *Kircher* appeals is that these 13 appeals" to "appeals from the *Kircher* appeals is that these 9 appeals".

Page 3, second paragragh, line 1, change "These 11 appeals in the *Potter* group" to "These 7 appeals in the *Potter* group".

Page 5, first full paragraph, line 1, change "If the 11 *Potter* appeals" to "If the 7 *Potter* appeals".

Page 6, first full paragraph, line 3, change "must receive the same treatment as the 11 *Potter* appeals" to "must receive the same treatment as the 7 *Potter* appeals".

Page 8, first full paragraph, line 3, change "other 13 appeals" to "other 9 appeals".